**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50374 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00372-JHN |
| v. | |
| GREG AYO DAFINONE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Greg Ayo Dafinone appeals from the district court's judgment and

challenges the 77-month sentence imposed following his guilty-plea conviction for

bank fraud, in violation of 18 U.S.C. § 1344.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

The government contends that the appeal is barred by an appeal waiver. We decline to dismiss on the basis of the appeal waiver. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Dafinone contends that the district court erred in imposing a 14-level sentencing enhancement under U.S.S.G. § 2B1.1(b)(1)(H) because its loss calculation was not supported by the evidence. The parties dispute whether the government was required to prove the facts supporting the enhancement by a preponderance of the evidence or by a clear and convincing evidence standard. We need not resolve this issue, because there was no factual dispute as to the actual losses suffered by the victim banks. Moreover, the district court did not err in finding that Dafinone was part of a common fraudulent scheme, and attributing all losses occasioned by the scheme to him. *See* U.S.S.G. § 1B1.3(a)(1)(B) (specific offense characteristic determined on basis of all reasonably foreseeable acts undertaken by participants in a joint criminal activity in furtherance of that activity); *United States v. Showalter*, 569 F.3d 1150, 1159 (9th Cir. 2009) (district court's factual findings supporting a sentence enhancement are reviewed for clear error).

**AFFIRMED.**